United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES JEFFREY ROBINSON,
Plaintiffs,

v.

NANCY A. BERRYHILL,
Defendants.

Case No. 16-cv-06709-NJV

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 9

Before the court is Defendant's Motion to Dismiss (Doc. 9). Defendant requests that the court dismiss the Complaint: (1) for want of jurisdiction; (2) because the Complaint was filed without the knowledge and consent of Plaintiff; and (3) because counsel for Plaintiff has failed to show good cause for the late filing of the Complaint. *See* Mot. (Doc 9).

42 U.S.C. § 405(g) requires the commencement of a civil action within 60 days after the mailing of the final decision made after a hearing for Social Security benefits. The Commissioner maintains that counsel for Plaintiff filed this action 49 days after the deadline passed and that because the United States has not waived sovereign immunity to be sued beyond the statutory deadline, this court lacks jurisdiction to hear the matter.

Section 405(g) also allows the Commissioner to extend the 60 day time period. Counsel for Plaintiff requested two separate extensions of time. *See* Pl.'s Resp. (Doc. 12) Exh. A. Neither of those extensions were granted. Thus, because the Complaint was filed after the 60 day time period, the complaint was not timely filed. That however, is not the end of the analysis because "[t]he 60–day requirement in section 405(g) has been construed as a statute of limitations that is waivable by the Secretary or the courts, rather than a jurisdictional requirement." *Maloney v. Astrue*, No. C 09-04244 MHP, 2011 WL 1791550, at *3 (N.D. Cal. May 10, 2011) (citing *Bowen*

United States District Court
Northern District of California

*v. City of New York*, 476 U.S. 467, 477, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir.1993); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987)). Clearly the Commissioner does not intend to waive the 60-day requirement.

For the court to accept the late filing of this case, the court would have to find that the statute of limitations should be equitably tolled. In general, the tolling of the limitations period should only be "in the rare case" and only where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. 480, 481.

Therefore, in order to determine whether equitable tolling is appropriate in this case the court must look into the circumstances surrounding the late filing. Counsel for Plaintiff's requests for the extensions of the 60-day filing deadline were based on to his "continuing, and up to that time fruitless, attempts to locate the plaintiff." Pl.'s Resp. (Doc. 12) at 2. This brings us to Defendant's second basis for dismissal; that the Complaint was filed without the knowledge and consent of Plaintiff. Counsel for Plaintiff argues that this should, or can be excused, based on Plaintiff's mental health issues. However, to make a determination that Plaintiff's mental health issues precluded a timely-filing such that the equities require the tolling of the statutory time period the court would need to hold a hearing and take evidence. The court is unable to do so without Plaintiff's participation. On the existing record, the court has Counsel for Plaintiff's representations regarding Plaintiff's troubled mental health history, on the other hand, Counsel for Plaintiff asserts that at some recent point Plaintiff had been shopping at a market with his debit card. This, coupled with the Commissioner's denial of benefits, highlights the need for the court to have an evidentiary hearing. The court simply cannot make that determination on the current record.

While Plaintiff's mental status may be the cause of his failure to communicate with Counsel, it may also very well simply be that Plaintiff has no further interest in prosecuting this action. Counsel for Plaintiff appears to nearly concede that this court must have Plaintiff's participation in order to proceed. The basis for the requests for an extension, that Plaintiff could not be reached, as well as the need for Counsel to pay the filing fee to initiate this action despite

believing that Plaintiff would qualify to proceed *in forma pauperis*, evidence the necessity for Plaintiff's participation. As Counsel states "[f]iling a complaint implying a plaintiff is alive and is a willing litigant must be supported by facts. Plaintiff's counsel was attempting to confirm those facts when requesting extensions from the Appeals Council." Pl.'s Resp. (Doc. 4) at 4. At this point, the court still lacks those facts. While the debit card use suggests that Plaintiff may be alive, nothing indicates that he is a willing participant. Moreover, the parties would be unable to carry out judgment were the court to grant Plaintiff relief, either the remand of the action for further proceedings or the award of benefits.

Finally and maybe most importantly, allowing these proceedings to continue without Plaintiff's knowledge and consent would deprive Plaintiff the opportunity to prosecute the action in a manner in which he sees fit. Indeed, to allow Counsel for Plaintiff to prosecute this action without Plaintiff's knowledge would eviscerate the attorney and client role and relationship. And, even assuming Plaintiff to be incompetent as Counsel suggests, to allow Counsel for Plaintiff to file and proceed without his permission would be to allow Counsel to act as Plaintiff's guardian, which would nullify the system of protections to incompetent persons embodied in Rule 17 of the Federal Rules of Civil Procedure. The Rule states in pertinent part that: "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." Fed. R. Civ. P. 17(c) (2). "A guardian *ad litem* is not appointed to serve as counsel but to 'act for the [ward] in the cause, with authority to engage counsel, file suit, and to prosecute, control, and direct the litigation.'" *Adamson v. Hayes*, No. CV-05-2286-PHX-JWS, 2010 WL 5069885, at *5 (D. Ariz. Dec. 7, 2010) (quoting *Noe v. True*, 507 F.2d 9, 12 (6th Cir.1974) (citing *Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir.1955))). Accordingly, without Plaintiff's participation, this case is properly dismissed.

Counsel for Plaintiff's attempts to locate Plaintiff, as well as Counsel's excellent reputation which is known to the court, make clear that Counsel's filing of this Complaint was done in a manner to protect Plaintiff's interests. The court appreciates Counsel's efforts in this matter. Thus, the court will instruct the Clerk of the Court to return to Counsel the amount of the filing fee paid in initiating this action.

United States District Court
Northern District of California

**CONCLUSION**

For the above stated reasons it is ORDERED that the Motion to Dismiss is GRANTED. Further, the court instructs the Clerk of Court to return to Counsel for Plaintiff the filing fee of four hundred dollars ($400.00).

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: March 31, 2017

NANDOR J. VADAS
United States Magistrate Judge